1   **FRANK A. WEISER**, State Bar No. 89780
    Attorney at Law
2   3460 Wilshire Blvd., Suite 1212
    Los Angeles, California 90010
3   Telephone: (213) 384-6964
    Facsimile:  (213) 383-7368
4   E-Mail:      maimons@aol.com

5

6   Attorney for Plaintiff
    DEBBIE LIPCAMAN

7

8

9

10              **UNITED STATES DISTRICT COURT**

11             **CENTRAL DISTRICT OF CALIFORNIA**

12

13  DEBBIE LIPCAMAN.,                    | **Case No.:**

14
                                        | **COMPLAINT FOR DAMAGES**
15          Plaintiffs,                 | **AND DECLARATORY AND**
                                        | **INJUNCTIVE RELIEF**
16  v
                                        | **[42 U.S.C. SECTION 1983 –**
17  CITY OF BARSTOW, a municipal        | **VIOLATION OF CIVIL RIGHTS]**
    corporation; BURLINGTON
18  NORTHERN SANTA FE RAILWAY
    CO; BURLINGTON NORTHERN            | **DEMAND FOR JURY TRIAL**
19  SANTA FE, LLC; SOUTHERN
    CALIFORNIA EDISON;
20  GOLDEN STATE WATER CO.;
    LARRY MYERS, sued individually and
21  as trustee of the Dennis Myers Estate
    Trust; DOES 1-10 INCLUSIVE,
22          Defendants.

23

24

25

26

27

28

1

Plaintiff DEBBIE LIPCAMAN ("Plaintiff" or as individually named "DL") hereby files the following Complaint and states and alleges as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of the federal court exists under 28 U.S.C. Sections 1331 and 28 U.S.C. Section 1343(a)(3). This action which arises under the United States Constitution and laws of the United States, specifically the First, Fourth, Fifth and Fourteenth Amendments of the United States Constitution and involves violations of federal law actionable under 42 U.S.C. Section 1983.

## PARTIES

2. Plaintiff is a long standing resident of the CITY OF BARSTOW ("City") and the MIDWAY TRAILER PARK, mobile home park located at 3727 W. Main Street, Barstow, CA 92311 ("MHP").

3. Defendant CITY OF BARSTOW, a municipal corporation, was at all times material herein an incorporated municipality in San Bernardino County, CA, duly formed under the laws of the State of California.

4. Defendant BURLINGTON NORTHERN SANTA FE RAILWAY CO. was at all times material herein the principal operating subsidiary of parent company BURLINGTON NORTHERN SANTA FE, LLC, (collectively "BNSF") headquartered in Fort Worth TX, and licensed and registered to do business with the California Secretary of State to do business in California.

5. The Defendant SOUTHERN CALIFORNIA EDISON ("SCE"), was at all times material herein the primary electric utility company for much of Southern California, duly formed and operating as a corporation under the laws of the State of California,

6.  On information and belief, the Plaintiff alleges that the Defendant GOLDEN STATE WATER CO. ("GS") is a California corporation duly formed and operating as a corporation under the laws of the State of California,

7.  Defendant LARRY MYERS, sued individually and as the trustee of the Dennis Myers Estate Trust, was at all times material herein an individual residing in the County of San Bernardino ("LM").

8. The true names and capacities, whether individual, corporate, associate or otherwise, herein named as Does 1 through 10, and persons heretofore unknown involved in the actions taken against the plaintiff is unknown to her at this time. Plaintiff is informed and believes and based thereon allege that each of the DOE defendants are responsible in some manner for the events herein referred to, and that plaintiff's injuries and damages as herein alleged were proximately caused by those defendants. Plaintiff sues said defendants by such fictitious names on the grounds that the true names and capacities of said defendants are unknown to them at this time. Plaintiff will amend this complaint when the true names and capacities of said Doe defendants are ascertained. Each reference in this complaint to "defendant," defendants," or a specifically named defendant also refers to defendants sued under their fictitious names.

## FACTS COMMON TO ALL CLAIMS

7.  Defendant LM was the owner and operator of MHP and sold MHP to BNSF earlier this year.

8.  BNSF purchased MHP to convert it and expand its railway services in Southern California ("Project")

9. <u>California Government Code</u> 65863.7 requires that mobile home park residents be given at least 60 days written notice by management of termination of their residency and at least 60 days written notice that the management will be appearing before a local governmental board, commission, or body to request permits for the change of use.

10. California law provides under the Uniform Relocation Assistance and Real Property Acquisitions Policies Act of 1970, as amended ("The Uniform Act") requires uniform and equitable treatment of persons displaced from their homes or businesses by federal and federally assisted programs and to establish uniform and equitable land acquisition policies for such programs.

11. Under the Uniform Act persons displaced under such programs are required that they not suffer disproportionate injuries as a result of such public projects and Title 49, Part 24 of the Code of Federal Regulations ("Regulations") implements the Uniform Act in accordance with the relocation assistance objective and is applicable to BNSF in this project.

12. The City at all times material herein has provided city resources to support and implement the project by advertising in local and county newspapers the project and promoting the project with local residents.

13. The City at all times material herein has provided city resources to support and implement the project by permitting and holding public hearings by the City Council and other administrative agencies and provided support by holding meetings with City officials and BNSF.

14. The defendants City, BNSF and LM refused and continue to refuse to implement the requirements of the Uniform Act provide the plaintiff with relocation assistance and in fact have acted in concert with the SCE and GS to act oppressively and in a disproportionate manner to evict and unreasonably burden plaintiff.

15. On July 3, 2023, SCE, upon the orders of LM acting on behalf of BNSF and the City shut off all electricity at MHP without prior notice and opportunity to be

heard for plaintiff as required under the Due Process Clause of the Fourteenth Amendment of the United States Constitution and well established United States Supreme Court precedent dealing with utility shutoffs, and not even provided a post-deprivation hearing, and did so by entering the private areas of the plaintiff's unit without a warrant or consent.

16  On July 5, 2023, GS, upon the orders of LM acting on behalf of BNSF and the City shut off all water at MHP without prior notice and opportunity to be heard for plaintiff as required under the Due Process Clause of the Fourteenth Amendment of the United States Constitution and well established United States Supreme Court precedent dealing with utility shutoffs, and not even provided a post-deprivation hearing, and did so by entering the private areas of the plaintiff's unit without a warrant or consent.

16. Exacerbating the shutoffs is the fact that Southern California and the City is undergoing a severe heat wave and as a result of the shutoffs set forth in paragraphs 15 and 16 above, the plaintiff was and is exposed to severe living conditions which has and is causing her great physical and emotional damages.

17. The City, BNSF, and LM have not provided the plaintiff with the requisite due process notices of City hearings under California Government Code 65863.7.

18.  Instead, the City, BNSF, and LM, have cooperated together to evict the plaintiff from MHP by instituting unlawful detainer proceedings to do so in the San Bernardino Superior Court located in the City.

19.  In taking such actions, the City has also been defending a recent federal civil rights lawsuit filed by the plaintiff with other parties against the City in the case of Barstow Proprietor Association, et al. v City of Barstow, USDC Case No. CV23-00926-JLS-JC that is presently pending in the this district court, and that challenges on federal constitutional grounds under 42 U.S.C. section 1983 a City warrantless inspection ordinance and program that includes the plaintiff's mobile home unit.

Based on the above facts, Plaintiffs allege the following claims.

## FIRST CLAIM OF RELIEF

### (Violation of 42 U.S.C. Section 1983 by Plaintiff Against All Defendants)

20.   Plaintiff alleges and incorporates herein by reference each and every allegation contained in paragraphs 1-19 above.

21.   Plaintiffs alleges that in doing all of the things herein mentioned, the City and all of the defendants, and each of them, acted under color of the statutes, regulations, customs and usages of the City of Barstow, the County of San Bernardino and the State of California for purposes of "state action" and "color of law" under 42 U.S.C.  Section 1983.

22.     Plaintiff further alleges that in doing all of the things herein mentioned, the City and all of the defendants, and each of them, violated and further threaten to violate the constitutional and civil rights of the Plaintiff, in particular her individual rights under the First and Fourteenth Amendment of the United States Constitution Petition and Grievances Clause; the Fourth and Fourteenth Amendment of the United States Constitution Search and Seizure Clause; the Fifth and Fourteenth Amendment of the United States Constitution Takings Clause; and the Fourteenth Amendment of the United States Constitution Due Process Clause, both its substantive and procedural Components, and the Fourteenth Amendment of the United States Constitution Equal Protection Clause.

23.     Plaintiff further alleges that in doing all of the things herein mentioned, the City, violated and further threaten to violate the constitutional and civil rights of the Plaintiff, as described in paragraphs 1-19 set forth herein, pursuant to the City's official policy, custom or practice.

24.     The individual defendants, including BNSF, SCE, GS and LM are not entitled to any immunity, qualified or otherwise, and the individual City officials employed by the City whose identity are unknown now, are not entitled to qualified immunity.

35.     As a proximate result of the foregoing actions of the defendants and each of them, Plaintiff has been injured and suffered economic and non-economic damages according to proof at trial but believed to be not less than $10,000,000.00 against each Defendant, and is also entitled to appropriate declaratory and injunctive relief.  Plaintiff is also entitled to her reasonable attorney's fees under 42 U.S.C. Section 1988.

WHEREFORE, Plaintiff prays judgment against the Defendants, and each of them, as follows:

## **FIRST CLAIM FOR RELIEF**

1.   For damages according to proof at trial but
     believed to be not less than $10,000,000.00;

2.   For appropriate declaratory and injunctive relief;

3.   For attorney's fees;

1

2

3

## FOR ALL CLAIMS FOR RELIEF

4

5

7.  For costs of suit;

6

8.  For such other and further relief as the Court deems proper.

7

Dated: July 16, 2023                    LAW OFFICES OF FRANK A. WEISER

8

9

By: /s/ Frank A. Weiser

10

_____

FRANK A. WEISER, Attorney for
for Plaintiff DEBBIE LIPCAMAN

11

.

12

## DEMAND FOR JURY TRIAL

13

Plaintiff hereby demands a jury trial pursuant to F.R.C.P. 38.

14

Dated: July 16, 2023                    LAW OFFICES OF FRANK A. WEISER

15

16

By: /s/ Frank A. Weiser

17

_____

FRANK A. WEISER, Attorney for
for Plaintiff DEBBIE LIPCAMAN

18

19

20

21

22

23

24

25

26

27

28